IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:13CR013 |
| | § | |
| ISAEL RAMIREZ, JR. | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 1, 2016, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Bradley Visosky.

On March 18, 2015, Defendant was sentenced by the Honorable United States District Judge Amos Mazzant of the Eastern District of Texas to sixteen (16) months imprisonment followed by a three (3) year term of supervised release for the offense of Conspiracy to Possess with Intent to Distribute less than 100 grams of a mixture or substance containing Heroin.

On March 27, 2015, Defendant completed his period of imprisonment and began service of his term of supervised release.

On May 24, 2016, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 233 Sealed]. The Petition asserted that Defendant violated nine (9) conditions of supervision, as follows: (1) Defendant shall refrain

from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (3) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (4) Defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons; (5) Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; (6) Defendant shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer; (7) The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. The defendant shall pay any cost associated with treatment and testing; (8) Defendant shall acquire a General Educational Development (GED) certificate; and (9) Defendant shall pay a $100 special assessment due immediately.

The Petition alleges that Defendant committed the following acts: (1) and (2) Mr. Ramirez submitted a urine specimen that tested positive for cocaine and marijuana on July 29, 2015. During an office visit on this same date, he verbally and in writing admitted to using cocaine. He denied the use of marijuana, and attributed it to being in a vehicle with someone who was smoking the substance. During a field visit conducted on August 31, 2015, Mr. Ramirez verbally and in writing admitted to consuming methamphetamine on or about August 28, 2015. He was unable to provide a urine specimen on this date; (3) Following both positive

urine specimen submissions, Mr. Ramirez verbally and in writing admitted to associating and using drugs with others who were also engaging in the same unlawful behavior; (4) Mr. Ramirez released from custody on March 27, 2015, but did not report until April 1, 2015. He stated he did not have reporting instructions and did not know where to report. However, instructions were faxed to him while he was incarcerated and he signed the letter acknowledging he received and reviewed the reporting instructions; (5) Mr. Ramirez failed to submit a monthly report form via Electronic Reporting Services (ERS) for the months of September, November, and December 2015. Mr. Ramirez failed to report in person for a scheduled office visit on December 4, 2015, and January 6, 2016; (6) Mr. Ramirez failed to be available for a schedule home visit on November 9, 2015; (7) Mr. Ramirez was instructed to commence substance abuse treatment on July 29, 2015. Due to him living outside of the Eastern District of Texas, he was instructed to commence treatment at a location of his choice. Additionally, according to his state probation officer at Dallas County Community Supervision and Corrections Department, Mr. Ramirez was referred to Redbird Education, in Dallas, Texas, for a substance evaluation, but he failed to comply as instructed; (8) During an office visit on April 1, 2015, Mr. Ramirez was instructed to commence GED classes immediately. He has not provided verification of attendance nor of gaining a GED; and (9) Mr. Ramirez has failed to satisfy the special assessment.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1) and two (2) of the Petition, specifically that Defendant, Isael Ramirez submitted a urine specimen that tested positive for cocaine and marijuana on July 29, 2015 and verbally and in writing admitted using cocaine. Ramirez denied the use of marijuana, and attributed it to being in a vehicle with someone who was smoking the substance. During a field

visit conducted on August 31, 2015, Ramirez verbally and in writing admitted to consuming methamphetamine on or about August 28, 2015.

The Court finds that Defendant did violate his conditions of supervised release by committing the allegations listed herein. Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with a term of supervised release of twenty-seven (27) months to follow. While on supervised release, the Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court. Additionally, the Court finds the special conditions originally imposed by the Court are still relevant and are reimposed as follows:

(1) Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider. The Defendant shall pay any cost associated with treatment and testing;

(2) Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance;

(3) Defendant shall pay to the United States a special assessment of $100, which is due immediately, payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 1910 ESE Loop 323, #287, Tyler, Texas 75701;

(4) Defendant shall be required to submit to a drug test within fifteen (15) days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer;

(5) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as

the Defendant is released from the program by the probation officer. The Defendant shall pay any cost associated with treatment and testing;

(6) Defendant abstain from the consumption of alcohol; and

(7) Defendant shall acquire a General Educational Development (GED) certificate.

The Court also recommends that Defendant be housed in the Bureau of Prisons North Texas Region, if appropriate.

**SIGNED this 1st day of June, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE